IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALICE L. SMITH,<br> Plaintiff | )<br>)<br>) | |
| v. | ) | Civil Action No. 08-581 |
| COMMISSIONER OF SOCIAL<br>SECURITY,<br> Defendant. | )<br>)<br>)<br>) | |

MEMORANDUM OPINION AND ORDER

MITCHELL, M.J.:

Presently before the Court for disposition, are cross motions for summary judgment. For the reasons set forth below, the plaintiff's motion (Docket No.9) will be denied; the defendant's motion (Docket No.11) will be granted; the determination of the Commissioner will be affirmed and judgment will be entered accordingly.

On May 2, 2008, Alice L. Smith, by her counsel, filed a complaint pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§405(g) and 1383(c)(3) for review of the Commissioner's final determination disallowing her claim for a period of disability or for disability insurance benefits and supplemental security income benefits under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(i) and 423 and 1381 cf.

The plaintiff filed an application for disability and supplemental security income benefits on August 22, 2005 (R.76-78, 218-221). Benefits were denied on June 20, 2006 (R. 65-68, 213-217). On August 15, 2006, the plaintiff requested a hearing (R.69. 222), and pursuant to that request a hearing was conducted on August 28, 2007 (R.23-57). In a decision filed on

October 10, 2007, an Administrative Law Judge denied benefits (R.9-20). The plaintiff requested reconsideration of this determination and in a decision dated February 28, 2008, the Appeals Council affirmed the prior decision (R.5-7). The instant complaint was filed on May 2, 2008.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act. Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)." Richardson v. Perales, supra., at page 401; Plummer v. Apfel, 186 F.3d 422 (3d Cir. 1999).

At the hearing held on August 28, 2007 (R.23-57), the plaintiff appeared with counsel (R 25), and testified that she was thirty-eight years old (R.28); that she graduated from high school (R.30); that she was married and her husband was receiving unemployment compensation (R.29); that she worked as a school bus driver (R.32); that she voluntarily terminated her employ to seek another job (R.33) and that she also worked as a nurse's aide and seamstress (R.33).

The plaintiff also testified that she developed back pains during her last pregnancy (R.36, 42); that the pain radiates down her legs (R.38); that she takes medication for the pain and briefly attended physical therapy (R.37-38); that she experiences drowsiness from her nighttime medication (R.40); that she can attend to her own personal needs (R.46); that her children perform most of the household chores (R.47); that she cannot stand, walk or sit (R.39,41) and that she spends her day sitting or laying on the couch (R.46).

At the hearing a vocational expert was called upon to testify (R.50-55). He characterized the plaintiff's prior work experience as light to medium unskilled to semi-skilled in nature (R.50). The witness was asked to assume an individual who could perform medium exertional work with six to eight hours of sitting and testified that such an individual could perform some of the plaintiff's prior work (R.51-52). In addition, he testified that if such an individual was restricted to light or sedentary work, there were a large number of jobs that individual could perform (R.53-54). However, if the plaintiff's testimony was deemed credible, the witness testified that there were no jobs she could perform (R.55).

The issue before the Court for immediate resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff is not disabled within the meaning of the Act.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. Section 423(d)(3).  These provisions are also applied for purposes of establishing a period of disability.  42 U.S.C. Section 416(i)(2)(A).

It is provided in 42 U.S.C. Section 1382c(a)(3) that:

(A)... an individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

(B) For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

* * *

(D) For purposes of this paragraph, a physical or mental impairment is an impairment that results from anatomical, physiological, or psychological

> abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.
>
> It is also provided that:
>
> Notwithstanding the provisions of subparagraphs (A) through (E), an individual shall also be considered to be disabled for purposes of this subchapter if he is permanently and totally disabled as defined under a State plan approved under subchapter XIV or XVI of this chapter as in effect for October 1972 and received aid under such plan (on the basis of disability) for December 1973 (and for at least one month prior to July 1973), so long as he is continuously disabled as so defined.

42 U.S.C. Section 1382c(3)(F).

Pursuant to the authorization contained in 42 U.S.C. Section 1382c(3)(D), the Commissioner has promulgated certain regulations for the implementation of the Supplemental Security Income Program. While these statutory provisions have been regarded as "very harsh," nevertheless, they must be followed by the courts. NLRB v. Staiman Brothers, 466 F.2d 564 (3d Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970). Thus, it must be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff is not disabled within the meaning of the Social Security Act.

For this purpose, certain medical evidence was reviewed by the Commissioner.

The plaintiff was treated at Frick Hospital on February 7, 2004 for dehydration due to vomiting caused by pregnancy. She also had lab work performed on February 8, 2004 and a normal esophagastroduodenoscopy on May 2, 2003 with the exception of the observation of a hiatal hernia and gastritis (R.151-159).

A lumbar MRI performed on June 3, 2005 noted degenerative L5-S1 changes with some disc dessication or degeneration, disc narrowing and a small central disc herniation. These were said to be without significance (R.160-163).

An MRI performed on January 19, 2006 revealed degenerative changes at L5-S1 and a small amount of free pelvic fluid (R.165).

Lumbar images taken on January 24, 2006 revealed L5-S1 degenerative disc disease (R.166).

The plaintiff was treated by Dr. Mamoon Rasheed between April 28, 2003 and March 31, 2006 for back problems (R.169-186).

In a report of an April 5, 2006 examination, Dr. Nabil Jabbour diagnosed lower back pain and controlled gastro-esophageal reflux disease (R.187-189).

The plaintiff was treated at Highland Hospital on May 26, 2006 for left sacroilitis. Therapeutic exercise was recommended (R.190).

After reviewing the medical evidence and in a residual functional capacity assessment completed on June 1, 2006, it is noted that the plaintiff could occasionally lift fifty pounds, frequently lift twenty-five pounds, and stand, walk or sit for about six hours (R.143-148).

The plaintiff had an MRI performed on April 11, 2007 which revealed bulging at L5-S1 and L4-L5, and a mild left foramina stenosis as well as L4-L5 facet hypertrophy (R.191).

The plaintiff was treated for back pain at the Habib Health Center between June 19, 2006 and July 23, 2007. Medication and exercise were recommended (R.195-207).

In a physical capacity report completed on August 23, 2007, Dr. Mamoon Al Rasheed concluded that the plaintiff could sit, stand or walk for less than an hour and lift up to five

pounds due to back pain. He also concluded that the plaintiff's condition was permanent (R.208-211).

The relevant regulations require explicit findings concerning the various vocational factors which the Act requires to be considered in making findings of disability in some cases. These regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical sequential process for evaluating all disability claims. In this sequence, the Administrative Law Judge must first decide whether the plaintiff is engaging in substantial gainful activity. If not, then the severity of the plaintiff's impairment must be considered. If the impairment is severe, then it must be determined whether he/she meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability. If the impairment does not meet or equal the Listings, then it must be ascertained whether he/she can do his/her past relevant work. If not, then the residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file. The finding of residual functional capacity is the key to the remainder of findings under the new regulations. If the plaintiff's impairment is exertional only, (i.e. one which limits the strength he/she can exert in engaging in work activity), and if his/her impairment enables him/her to do sustained work of a sedentary, light or medium nature, and the findings of age, education and work experience, made by the Administrative Law Judge coincide precisely with one of the rules set forth in Appendix 2 to the regulations, an appropriate finding is made. If the facts of the specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in

assisting the Administrative Law Judge to properly weigh all relevant medical and vocational facts.

> Based on the evidence presented, the Commissioner concluded:
>
> The claimant has the following severe impairments: degenerative disc disease of the lumbar spine; and gastroesophageal reflux disease...
>
> Regarding the claimant's back impairments, there have been numerous objective studies performed which did not show a disabling impairment [discussing MRI results]...
>
> Concerning the claimant's gastrointestinal complaints, a right upper quadrant ultrasound was performed on April 30, 2003, this study revealed no evidence of cholelithiasis or ducal dilation. The liver was unremarkable...
>
> An esophagogastroduedenoscopy was performed on May 2, 2003. This study showed that the claimant's esophagus was normal but she did have a hiatal hernia and some gastritis. The duodenum was normal...
>
> Nabil Jabbour, M.D. performed a consultative physical examination of the claimant on April 5, 2006. The claimant's chief complaints were low back pain and a history of [gastroesophageal reflux diseases]; however, the claimant reported that as long as she took her medications and followed a proper diet, she did not have nausea, vomiting, diarrhea, constipation, or abdominal pain ... The claimant's physical examination was unremarkable with the exception of the lumbar spine complaints.  The claimant exhibited tenderness in the lumbar spine area and the range of motion of the lumbar spine was restricted to 0-40 degree of flexion extension, 0-10 degrees of lateral flexion to the right, and 0-10 degrees of lateral flexion to the left.  All extremity joints had full range of motion without swelling or tenderness...   She displayed no limitations on function for sitting, standing, walking, lifting, or grasping...
>
> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible and only fair at best...
>
> As for the opinion evidence, Dr. Rasheed ... opined that the claimant could sit, stand, and walk less than one hour each, in an eight-hour workday, could do no postural activities, could not use her feet for repetitive movements and could lift no more than five pounds ...

> The undersigned finds Dr. Rasheed's medical opinion unsupported by the objective medical evidence. His conclusions that the claimant can do no postural activity would indicate that the claimant is essentially bedridden... The claimant's testimony contradicts this doctor's opinion. The claimant reported that she does take care of her personal needs and cares for her three year old even though she cannot lift her as much...
>
> [T]he claimant is unable to perform past relevant work...
>
> Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant has been capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate ... (R.14-20).

The record demonstrates that while the plaintiff does experience a skeletal condition as well as gastric reflux disease, the latter is controlled by medication and the former is not severe. Rather, it would appear that while the plaintiff cannot perform her prior work, she is capable of making a satisfactory adjustment so as to perform a wide range of gainful work activity which exists in the economy. Accordingly, the conclusion of the Commissioner that she is not disabled is supported by substantial evidence.

Summary judgment is appropriate where there are no material issues of fact in dispute and the movant is entitled to judgment as a matter of law. <u>Biener v. Calio</u>, 361F.3d 206 (3d Cir. 2004). In the instant case, there are no material factual issues in dispute, the decision of the Commissioner is supported by substantial evidence, and judgment should be entered for the defendant and against the plaintiff

An appropriate order will be entered.

Dated: September 25, 2008            s/Robert C. Mitchell,
United States Magistrate Judge

ORDER

AND NOW, this 25th day of September, 2008, for the reasons set forth in the foregoing Memorandum,

IT IS ORDERED that the plaintiff's motion for summary judgment (Docket No.9) be denied; that the defendant's motion for summary judgment (Docket No.11) be granted, and that the determination of the Commissioner be affirmed.

s/ Robert C. Mitchell
United States Magistrate Judge